```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X
WILLIAM GASSIOTT,                  :
                Plaintiff,         :
                                   :
        -against-                  :
                                   :   08 Civ. 7358 (JFK)
THE PRUDENTIAL INSURANCE COMPANY   :   OPINION AND ORDER
OF AMERICA and AICPA LIFE          :
INSURANCE/DISABILITY PLANS         :
COMMITTEE,                         :
                                   :
                Defendants.        :
---------------------------------- X
```

APPEARANCES:

    For Plaintiff:
        Jason Newfield, Esq.
        FRANKEL & NEWFIELD, P.C.
        585 Stewart Avenue, Suite 312
        Garden City, New York  11530

    For Defendants:
        Colleen Martin, Esq.
        D'ARCAMBAL LEVINE & OUSLEY LLP
        40 Fulton Street, Suite 1005
        New York, New York  10038

**JOHN F. KEENAN, United States District Judge.**

**JOHN F. KEENAN, United States District Judge:**

Plaintiff William Gassiott ("Gassiott") has brought this action for breach of contract seeking to recover under an insurance policy issued to him by Defendants The Prudential Life Insurance Company ("Prudential") and the AICPA Life Insurance/Disability Plans Committee ("AICPA"). Defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that Plaintiff's suit is barred by the insurance policy's contractual statute of limitations. For the reasons set forth below, their motion is granted.

## I. BACKGROUND

Gassiott is a Certified Public Accountant insured under the American Institute of Certified Public Accountants Long Term Disability Insurance Policy issued by Prudential. (Compl. ¶ 11). This policy provides for monthly payments in the event of Gassiott's total disability. (Compl. ¶ 12). Under the terms of the policy, in order to receive disability benefits, an insured is required to submit written proof of loss to Prudential "within ninety days after: (1) the end of each month or lesser period for which Prudential is liable under the coverage, if the coverage provides for payment at such periodic intervals; or (2) the date of the loss, in the case of any other coverage." (Martin Decl., Ex. B). If Prudential declines to pay insurance benefits after receiving the initial proof of loss, the insured

2

is entitled to appeal the denial internally up to three times. Each internal appeal must be submitted within 180 days of receipt of the claim denial, and Prudential then has 45 days (or 90 days if additional time is required) to render a decision on the appeal. (Martin Decl., Exs. D, E). The insured is also entitled to bring legal action against Prudential to recover benefits, but the insurance policy specifies that:

> No action at law or in equity shall be brought to recover under the Group Policy prior to the expiration of sixty days after written proof of the loss upon which claim is based has been furnished as required above. No such action shall be brought more than three years after the expiration of the time within which proof of such loss is required.

(Martin Decl., Ex. B).

The Complaint alleges that Gassiott became disabled on February 1, 2004. (Compl. ¶ 17). In July and August of 2004, he submitted proof of loss to Prudential requesting disability benefits because fibromyalgia and chronic fatigue prevented him from performing his accounting duties. (Compl. ¶ 19; Martin Decl., Ex. C). The proof of loss included an Attending Physician Statement dated August 11, 2004 and a personal statement dated August 18, 2004 in which Gassiott reported his symptoms and inability to work. (Martin Decl., Ex. C). On November 5, 2004, Prudential denied Gassiott's claim because the

3

medical information provided "did not support a disability based on objective medical evidence." (Compl. ¶ 25).

On August 31, 2005, Gassiott, represented by counsel, filed his first internal appeal challenging Prudential's denial of his claim. (Compl. ¶ 27). In his appeal, Gassiott submitted additional medical reports detailing his treatment for fibromyalgia, chronic fatigue, tension headaches, Epstein Barr virus, rheumatoid arthritis, Chorean Disease and/or Huntington's Disease. (Compl. ¶ 28). He also submitted personal statements further explaining how his symptoms affected his quality of life and ability to perform his job. (Compl. ¶ 31). On October 17, 2005, Prudential issued a decision upholding its denial of Gassiott's disability claim based on its review of the medical evidence provided, as well as its direct observation of Gassiott playing golf and performing other activities inconsistent with his reported functional abilities. (Compl. ¶ 32; Martin Decl., Ex. E).

On October 27, 2006, Gassiott filed his second internal appeal challenging Prudential's denial of his claim. (Compl. ¶ 37). He submitted additional medical reports, including neurological and cognitive function evaluations, and a determination by the Social Security Administration that he is impaired. (Compl. ¶¶ 38-42). On June 6, 2007, Prudential again upheld its denial of Gassiott's disability claim, stating that

the insured "has not provided credible and reliable data to support his reported degree of impairment and accordingly . . . he does not meet the definition of total disability."  (Compl. ¶ 44; Martin Decl., Ex. F).  Prudential noted that this was its final decision and that no further appeals would be entertained.  (Martin Decl., Ex. F).

On August 20, 2008, Gassiott initiated the current suit against Prudential challenging the denial of his disability benefits.

## II.  DISCUSSION

### A. Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief may be granted.  Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).  The court must accept the complaint's factual allegations as true and draw all inferences in the plaintiff's favor.  Id.  In deciding this motion, the court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Geisler v.

5

Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980).  Therefore, a complaint will be dismissed where it fails to set forth sufficient facts to state a claim for relief that is "plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The court limits its review to the factual allegations in the complaint, documents attached to the complaint or incorporated therein by reference, and documents that are integral to the complaint and upon which the complaint "solely relies."  See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991).  These include the AICPA Long Term Disability Income Plan document, Plaintiff's proof of loss submission, and Prudential's claim denial letters dated November 5, 2004, October 17, 2005, and June 6, 2007 – all of which were in Plaintiff and/or his attorney's possession and explicitly referenced in the Complaint.

### B. Statute of Limitations Accrual Date

The Court must first determine which state's law governs the dispute at hand.  Plaintiff is a Texas resident, Defendant Prudential is a New Jersey corporation, and Defendant AICPA resides in New York.  None of the parties have alerted the Court to any choice of law provision in the insurance policy.  As this

6

is a diversity case, the Court follows New York's choice of law rules, which use a "grouping of contacts" standard to determine which state's law applies in contract disputes.  See Auten v. Auten, 124 N.E.2d 99, 102 (N.Y. 1954).  Here, the AICPA Life Insurance/Disability Plans Committee, the Plan Agent, and the Trustee of the Plan all reside in New York, and the contract was formed in New York when Plaintiff submitted his request to participate in the plan to the Plan Agent.  Moreover, Defendants rely on New York state law in their moving papers, and Plaintiff raises no contrary authority.  Therefore, New York law governs this contract dispute.

The statute of limitations for breach of contract actions under New York law is six years.  N.Y. C.P.L.R. 213.  Contracting parties may shorten the limitations period by written agreement.  N.Y. C.P.L.R. 201.  Here, there is no dispute that the insurance policy's three year statute of limitations controls.  Plaintiff, however, challenges the date on which his claim accrues.

Plaintiff argues that the statute of limitations began to run on June 6, 2007, the date Prudential issued its final denial of his claim.  In cases governed by the Employee Retirement Income Security Act ("ERISA"), some courts apply a "clear repudiation" standard in determining the accrual date of an action — i.e., the limitations period runs from the date a

7

claimant's application for benefits is denied.  See, e.g., Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan, 698 F.2d 593, 598 (2d Cir. 1983); Bilello v. JPMorgan Chase Retirement Plan, 607 F. Supp. 2d 586, 593 (S.D.N.Y. 2009).  However, the parties agree that the AICPA Long Term Disability Policy is not an ERISA plan.  Plaintiff fails to provide any compelling justification for applying the "clear repudiation" standard outside of the ERISA context, and cites no legal authority in support of his proposition.

    Indeed, courts have interpreted similar insurance clauses specifying that the limitations period begins on the "date of loss" to mean the date a loss occurred, not the date on which the insured's cause of action against the insurance company accrued.  Cf. Fabozzi v. Lexington Ins. Co., 598 F. Supp. 2d 279, 286-87 (E.D.N.Y. 2009) (rejecting plaintiff's argument that "the limitations period should run from the date 'all conditions precedent to recovery under the [homeowner's insurance] policy were satisfied and a cause of action against the insurer had accrued'" and finding that the statute of limitations began the day plaintiffs filed their claim); Costello v. Allstate Ins. Co., 646 N.Y.S.2d 695 (N.Y. App. Div. 2d Dep't 1996) ("There is no merit to the plaintiffs' contention that the words 'date of loss' appearing in their policy are ambiguous, or mean anything different than the words "after inception of the loss" . . . .

8

Both phrases have consistently been held to refer to the date of the catastrophe insured against, and not to the accrual date of the plaintiffs' claim against [the insurance company] for failure to pay."). Moreover, a court cannot "rewrite, under the guise of interpretation, a term of the contract when the term is clear and unambiguous." Cruden v. Bank of N.Y., 957 F.2d 961, 976 (2d Cir. 1992). Therefore, this Court must adhere to the policy's specification that the three year statute of limitations began to run at the time Plaintiff furnished his initial proof of loss to Prudential. This event occurred sometime in 2004, meaning the statute of limitations expired in 2007. Although the Complaint suggests that Plaintiff filed his claim in July of 2004 (Compl. ¶¶ 19-20), the Attending Physician Statement and Plaintiff's personal statement are dated August 2004, and the proof of loss forms were received August 23, 2004, a date more favorable to Plaintiff in any event. In the end, it is not necessary to determine the exact accrual date, as in no case would the August 20, 2008 Complaint be timely.

### C. Tolling of the Statute of Limitations

"Failure to comply with a contractual limitations period will subject a breach of contract suit to dismissal, unless the plaintiff can show that the suit falls within an exception to the limitations period." Vitrano v. State Farm Ins. Co., No. 08 Civ. 00103 (JGK), 2008 WL 2696156, at *2 (S.D.N.Y. July 8,

9

2008).  Plaintiff propounds several exceptions in order to toll the three year statute of limitations, which are discussed in turn below.

**1. Internal Appeals do not Toll the Statute of Limitations**

Plaintiff argues that the additional medical evidence he provided to Prudential in support of his requests for reconsideration constitute subsequent proof of loss, each of which restarted the statute of limitations clock.

The Second Circuit's recent decision in Burke v. PricewaterhouseCoopers LLP Long Term Disability Plan is instructive.  572 F.3d 76 (2d Cir. 2009).  In that case, plaintiff's insurance company initially approved her claim for long term disability benefits, but later stopped payments after medical information submitted in April 2003 stated that she was disabled but could nonetheless work.  Id. at 78.  Plaintiff appealed the revocation of benefits to the insurance company, which again denied her claim on October 1, 2003.  Id.  On September 25, 2006, plaintiff brought a claim under ERISA challenging the termination of long term disability benefits. Id.  The insurance policy's statute of limitations clause specified that any lawsuit must be brought within three years after furnishing proof of loss, and the district court dismissed her claim as time barred.  Id. at 78-79.  Plaintiff argued that the court should not enforce the contractual statute of

10

limitations because it unfairly began to run before she could legally file a civil action against the insurance company.  Id. at 80.  Under ERISA, a claimant is required to exhaust administrative appeals before filing suit in federal court.  See Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 594 (2d Cir. 1993).  This caused the "odd result" complained of – namely that the statute of limitations began to run before plaintiff could file suit.  Burke, 572 F.3d at 79.  Although plaintiff raised valid concerns that an insurer could drag out the decision to deny a claim until the statute of limitations expired, the Court found that Department of Labor regulations providing timelines for filing and deciding administrative appeals checked the potential for abuse.  Id. at 80.  The Court ultimately upheld the statute of limitations in the insurance policy and affirmed the lower court's dismissal of the claim.

The key distinction between Burke and the instant case is that the ERISA plaintiff was statutorily required to complete the administrative appeals process while the statute of limitations was running before filing suit.  The statute of limitations clause contained in Plaintiff's insurance policy explains that legal action may be brought 60 days after the claimant files proof of loss.  Plaintiff points to no other contract terms requiring a claimant to pursue internal appeals to the insurance company prior to bringing legal action, and

11

Defendants clearly characterize these appeals as voluntary. If a mandatory appeal does not toll the statute of limitations contained in an insurance policy, there is no reason why proof of loss in support of Plaintiff's voluntary appeals, which are not governed by ERISA, should be any different.

The fairness concerns raised by Plaintiff are equally unavailing. Although Prudential allows for up to three appeals, whereas the Department of Labor regulations governing ERISA appeals only provide for one, Prudential's denial letters set forth similar restrictions on the time to appeal and decide claims. And even though the potential for the insurer to delay its decision in order to let the limitations period run does exist, in this case there was no abuse as Prudential issued its final denial almost three months before the time to file a lawsuit expired. Plaintiff's decision to pursue administrative appeals in lieu of legal action will not toll the contractual statute of limitations.

### 2. The Insurance Policy is not an Installment Contract

Plaintiff next argues that the insurance policy is an installment contract such that each monthly benefit Prudential refused to pay constituted an independent breach of contract with its own three year statute of limitations. Notably, neither party cites any New York case law addressing disability insurance policies as installment contracts.

12

In Walsh v. Adorn, the New York Court of Appeals considered whether a widow suing for the right to receive pension benefits after the expiration of the statute of limitations had an "independent and 'continuing' cause of action for each of the periodic pension installments, each such payment having a six-year life of its own running from the date on which it fell due." 311 N.E.2d 476, 477 (N.Y. 1974). The Appellate Division allowed the widow to bring her claim despite her failure to act within six years because each missed payment to which she claimed entitlement triggered its own six year statute of limitations period. Id. The Court of Appeals reversed, holding:

> We cannot agree that multiple causes of action for individual installment payments can exist separate from the underlying cause of action for the right to the pension. To the contrary, the enforceability of the right to the installments derives from and depends upon the enforceability of the primary right to the pension. . . . If the right to the pension has been established within the period of limitation . . . then the statutory period for the enforcement of the right to each installment commences running as each payment falls due. . . . But, absent board approval or suit to establish penionsable status within six years of the employee's death, all pension rights are time-barred, including claim to past or future installments.

Id. at 477-78. This is exactly the situation in the instant case. In order to become eligible for disability payments under

13

the AICPA Long Term Disability Plan, Plaintiff must establish the predicate requirement of "total disability." Only after Prudential or a court of law determines that Plaintiff is disabled within the meaning of the policy is he entitled to benefits. However, Prudential decided that the medical evidence did not support Plaintiff's claim of total disability, and Plaintiff waited almost a year after the latest possible statute of limitations accrual date to file this breach of contract action. Since Plaintiff did not demonstrate his right to monthly disability payments within the limitations period, he cannot claim that each missed payment breached any obligation on the insurance company's part. Indeed, failure to timely file a claim establishing his eligibility for benefits precludes Plaintiff from enforcing his claim to any installment benefit payments, past or future.

### 3. The Principles of Equity do not Apply

#### a. Estoppel

Plaintiff argues that Prudential should be estopped from relying on the statute of limitations defense because by informing Plaintiff of his option to pursue internal appeals instead of his right to commence a lawsuit, Defendant induced Plaintiff to delay filing suit until the statute of limitations expired. Equitable estoppel "is properly invoked where the enforcement of the rights of one party would work an injustice

upon the other party due to the latter's justifiable reliance upon the former's words or conduct." Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 725 (2d Cir. 2001). In order for the doctrine to apply, Plaintiff must establish: (1) a misrepresentation by Defendants; (2) Plaintiff's reasonable reliance on the misrepresentation; and (3) Plaintiff suffered prejudice as a result. See id.

   Plaintiff argues not that Prudential made an affirmative misstatement, but that it did not act to inform him of the statute of limitations for bringing legal action. One party's "silence in the face of its legal duty to inform" the other of his rights "is properly construed as an affirmative misrepresentation." Id. However, New York law does not impose a duty upon insurance carriers to notify their members of the policy's provisions. See Blitman Constr. Corp. v. Ins. Co. of N. Am., 489 N.E.2d 236, 238 (N.Y. 1985); see also Katz v. Am. Mayflower Life Ins. Co. of N.Y., 788 N.Y.S.2d 15, 17 (App. Div. 1st Dep't 2004) ("It is a well-settled principle of law in this state that an insured has an obligation to read his or her policy and is presumed to have consented to its terms."). Plaintiff has not plead any facts to suggest that Prudential assured him the claim would be paid or otherwise tried to dissuade him from filing suit. Cf. Vitrano, 2008 WL 2696156, at *3 (genuine issue of fact on estoppel claim existed where

15

plaintiff alleged that insurance investigator turned off tape recorder mid-interview, told plaintiff the claim would be paid, and requested that plaintiff be patient).  Nor has he presented any facts establishing that he was prejudiced as a result of Prudential's conduct.  Prudential made its final determination of Plaintiff's claim on June 6, 2007.  Choosing the limitations period starting date that is most favorable to Plaintiff, the three year period ended on August 23, 2007.  Thus, even if Defendants somehow misled Plaintiff about his rights, he and his counsel had adequate time remaining after receiving the final denial of his claim to file a lawsuit.  As such, there is no justification for the application of estoppel.

### b. Equitable Tolling

Finally, plaintiff suggests that the statute of limitations should be equitably tolled.  Only extraordinary circumstances will necessitate an equitable tolling. Veltri v. Building Serv. 32B-J Pension Fund, 393 F.3d 318, 322 (2d Cir. 2004). "Generally, to merit equitable relief, a plaintiff must have acted with reasonable diligence during the time period she seeks to have tolled.  Additionally, the burden of proving that tolling is appropriate rests on the plaintiff." Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002).  A lack of due diligence on the part of the plaintiff or his attorney does not warrant equitable tolling.

16

See South v. Saab Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994) ("[A] garden variety claim of excusable neglect . . . fails to justify equitable tolling.").

Plaintiff argues that Prudential unfairly urged him to pursue internal appeals in order to let the statute of limitations expire and failed to inform him of the time limits for bringing legal action. The Court in Veltri equitably tolled the statute of limitations where a pension fund failed to comply with federal regulations requiring it to notify plaintiff of his right under ERISA to file an administrative appeal and/or legal action challenging a denial of benefits. Veltri, 393 F.3d at 323. However, as discussed above, the instant case is not governed by ERISA and Defendants had no obligation to remind Plaintiff of the statute of limitations clause contained in his insurance policy. Plaintiff has not put forth any facts to establish that extraordinary circumstances prevented him from timely filing his complaint.

Furthermore, Plaintiff's own conduct falls short of the "reasonable diligence" required to justify equitable tolling. Plaintiff waited more than nine months after the initial denial of claim to file his first appeal, and then waited more than a year after denial of his first appeal to appeal a second time. Plaintiff was represented by counsel throughout this period and could have filed suit at any time. Most importantly, however,

17

despite the lengthy appeals process, Plaintiff had almost three months after Prudential issued its June 6, 2007 final denial of claim before the statute of limitations expired. Instead, he waited almost one year to bring suit. Plaintiff has offered no explanation for his failure to pursue legal action in a timely fashion after Prudential's final denial, and as such, the running of the statute of limitations rests squarely on his shoulders.

### III. CONCLUSION

For the reasons stated above, this Court concludes that Plaintiff's breach of contract action is barred by the applicable three year statute of limitations. Accordingly, Defendants' motion for judgment on the pleadings is granted, and this action is dismissed.

SO ORDERED.
Dated:    New York, N.Y.
          October 6, 2009

                                    /s/ John F. Keenan
                                    JOHN F. KEENAN
                                    United States District Judge